124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene WRIGHT, Plaintiff-Appellant,
v.
BEST BUY CO., INC., et al., Defendants-Appellees.
 No. 96-1658.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 12, 1997.
Decided August 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 94-C-1251; Rudolph T. Randa, Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 In November 1996 we remanded this case to the district court for compliance with Circuit Rule 50. Our order concluded:
 
 
 2
 After the district court has supplied a fresh explanation of the judgment, the parties should inform us, within 10 days, whether they wish to proceed with the appeal on the original briefs or whether the judge's new explanation requires further briefing.
 
 
 3
 The district court issued its new opinion on July 18, 1997. Neither side complied with our instruction. We did not learn about the district court's action until August 11, when Wright filed a document complaining about the district court's opinion but not mentioning the question we directed the parties to address. Unaided by the litigants, we have examined the district court's decision and concluded that additional briefs are unnecessary. We proceed to decision.
 
 
 4
 The district judge has made it clear that he did not grant summary judgment for defendants merely because Wright failed to respond to defendants' motion. The new opinion lays out the undisputed material facts--undisputed because, by failing to respond, Wright did not dispute the defendants' statements about what the record shows--and we agree with the district judge that these facts establish that Wright is not entitled to relief.
 
 
 5
 Wright's principal argument is that he did not receive the defendants' motion for summary judgment. The certificate of service shows that a copy of the motion (including advice about the need to respond) was mailed to Wright at the address that appears on all of his papers. Service was complete on mailing. United States v. Payne, 741 F.2d 887, 895 (7th Cir.1984). Let us suppose that the Postal Service failed to perform its task. Wright received the district court's order granting judgment and could have filed an appropriate motion for relief from judgment; he did not. Even now, Wright has not pointed to any fact in the record that would require a trial. Continuation of this litigation would be pointless.
 
 AFFIRMED